SAM WILSON V. THE STATE.

No. 9835. Delivered March 24, 1926.

1.—Manslaughter—Evidence—Impeaching Defendant—Held Proper.

Where, on a trial for manslaughter, the appellant testified on direct examination that the killing grew out of the illicit relations of the deceased with the wife of appellant, and in addition to this that he was extremely devoted to his wife. This testimony being upon a very material issue, there was no error in permitting the state on cross-examination to ask him if he had not abused and mistreated his wife. No injury was shown, however, appellant denying any mistreatment, the matter being allowed to rest. See Bibb v. State, 86 Tex. Crim Rep. 172.

**2.—Same—Argument of Counsel—No Error Shown.**

Where complaint is made of the argument of counsel in referring to a petition for divorce of appellant, the court's qualification of the bill showing that state's counsel did not refer to the matter, after it was called to the court's attention, no error is shown.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction of manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*Roy L. Duke* and *Stinson, Coombes & Brooks* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manslaughter and the punishment is five years in the penitentiary.

The appellant's complaints in his brief are shown by bills of exceptions 11, 12 and 13. The general complaint as contained in these bills is at the court's action in permitting the state to prove by the appellant while a witness on cross-examination that he had mistreated and abused his wife. We think this testimony was admissible under the peculiar facts of this case. The killing, from the appellant's theory, grew out of the fact that the wife of appellant had been having improper relations with the deceased. While testifying in his own behalf on direct examination the appellant stated that before his wife met the deceased there had been no difficulty between appellant and her. In addition to this his testimony showed that he was extremely devoted to his wife. We think this was a material matter in the case. If he was not devoted to her and cared nothing for her the jury might have concluded that he would not be enraged at her conduct in associating illicitly with the deceased. Appellant's contention, therefore, that this testimony was impeaching him on an immaterial matter cannot be sustained. We think it was material to inquire as to the relations between himself and his wife as bearing on the state of mind that deceased's attention to her would have likely produced; and after appellant had testified that their relations had always been pleasant and agreeable and after he had repeatedly stated his devotion for her, we

think it was clearly permissible for the state to show, if it could, on cross-examination of the appellant, that his testimony in this regard was false and as a cogent circumstance showing this, we think it was clear that it was proper to permit him to be asked concerning the mistreatment of her. Bibb v. State, 86 Tex. Crim. Rep., 172. In no event do we think this matter presents reversible error and are confirmed in this belief by the fact that in every instance on cross-examination the appellant denied that he had ever mistreated his wife and there the matter was allowed to rest.

The court's qualification of bill 12 shows that the state's counsel did not refer to the petition for divorce after the matter was called to the court's attention, hence this part of the bill shows no error.

We have examined the other complaints contained in appellant's bills of exceptions and believe they are without merit.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.